# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FIELDTURF ARTIFICIAL TURF SALES AND MARKETING PRACTICES LITIGATION | MDL NO. 2789<br>Civil Action No. 3:17-md-02779-MAS-TJB |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DR. CHARLES A. DANIELS

Plaintiffs submit this Reply in Support of Plaintiffs' Motion to Strike the Supplemental Declaration of Dr. Charles A. Daniels.  FieldTurf's Opposition fails to show how Daniels' Supplemental Declaration is anything other than legal argument.  As such, Daniels' "expert" opinions are completely improper and should be stricken.

FieldTurf spends the vast majority of its Opposition arguing that Daniels is **_qualified_** to make legal arguments about the sufficiency of jury instructions and the evidence necessary to prove Plaintiffs' claims, among other things.  *E.g.*, Opp., ECF No. 280, at p. 5-7.  Daniels does not offer any opinions based on his knowledge or experience as a polymer expert, nor does he offer his observations.  Instead, he speculates and provides legal argument on what evidence he asserts Plaintiffs would need to present and how FieldTurf would need to defend itself at trial.  These are areas on which no expert opinion is needed or appropriate, and on which Daniels plainly is not qualified to opine in any event.  Indeed, these are issues which are left to this Court and the jury. FieldTurf is improperly attempting to bolster its lawyers' arguments with inadmissible and unqualified "expert" opinion.

For example, even according to FieldTurf, Daniels argues that "any evidence regarding alternative causes (such as inadequate maintenance, use of improper footwear, or UV radiation in high-UV areas), among other considerations, would be critical at an Issue Class trial to defend

against claims that Duraspine was inherently defective." Opp., ECF No. 280, at p. 3. Daniels also speculates that any potential jury instructions would not adequately protect FieldTurf. *Id.*, at p. 5. Finally, Daniels speculates that FieldTurf would need to use the same evidence in any subsequent individual trial. *Id.* Daniels' so-called "expert" opinions are nothing more than legal arguments and should be excluded because such "opinions" are not helpful to the Court.

FieldTurf's reliance on *Abraham v. Ocwen Loan Servicing, LLC*, 321 F.R.D. 125, 152 (E.D. Pa. 2017) is misplaced. There, the expert was an economist, who offered opinions concerning "whether (a) members of the proposed class shared common experiences as a result of policies and practices that [the defendant's] applied uniformly, which caused the same types of damage to all members of the proposed class, and whether (b) such putative members of the proposed class can be readily identified using data maintained by [the defendant]." *Id.* at 141. These were areas within the economist's knowledge and expertise, typical areas for which experts provide opinion at class certification, and helpful to the court in deciding plaintiffs' motion for class certification. Here, on the other hand, Daniels – a polymer scientist – offers "opinions" that ***do not*** involve polymer or science and are nothing more legal argument disguised as evidence. These "opinions" are not helpful to the Court. Indeed, courts routinely strike impermissible legal argument within an expert's declaration or report. *E.g.*, *Perez v. First Bankers Tr. Servs., Inc.*, 2015 WL 5722843, at *3 (D.N.J. Sept. 29, 2015); *Casper v. SMG*, 389 F. Supp. 2d 618, 621–22 (D.N.J. 2005).

Finally, Daniels did not need to correct any mischaracterizations. The record in the *Tencate* litigation speaks for itself, and, as this Court correctly observed, Daniels "in previous litigation opined that Duraspine's 'shape contains certain inherent weakness[es]'". *See, e.g.,* ECF No. 270,

at p. 26.  FieldTurf cannot dispute the prior record and this Court's conclusion through an improper, self-serving "expert" argument.

For these reasons and those set forth in Plaintiffs' initial Motion to Strike, the Court should strike the Supplemental Declaration of Dr. Charles A. Daniels.

Dated: January 30, 2023                             Respectfully submitted,

                                                    *s/Christopher A. Seeger*
                                                    Christopher A. Seeger
                                                    Jennifer R. Scullion
                                                    Christopher L. Ayers
                                                    **SEEGER WEISS LLP**
                                                    55 Challenger Rd., 6th Fl.
                                                    Ridgefield Park, NJ 07660
                                                    Tel: 973-639-9100
                                                    cseeger@seegerweiss.com
                                                    jscullion@seegerweiss.com
                                                    cayers@seegerweiss.com

                                                    s/ Adam M. Moskowitz
                                                    Howard M. Bushman
                                                    **THE MOSKOWITZ LAW FIRM, PLLC**
                                                    2 Alhambra Plaza, Suite 601
                                                    Coral Gables, FL 33134
                                                    Tel: 305-740-1423
                                                    adam@moskowitz-law.com
                                                    howard@moskowitz-law.com
                                                    *Co-Lead Counsel for Plaintiffs*

                                                    *s/ James E. Cecchi*
                                                    James E. Cecchi
                                                    Michael A. Innes
                                                    **CARELLA, BYRNE, CECCHI, BRODY & AGNELLO**
                                                    5 Becker Farm Rd.
                                                    Roseland, NJ 07068
                                                    *Liaison counsel for Plaintiffs*