UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RE: FIELDTURF ARTIFICIAL TURF MARKETING AND SALES PRACTICES LITIGATION | Case No. 3:17-md-02779-MAS-TJB<br><br>Hon. Michael A. Shipp, U.S.D.J.<br><br>Electronically Filed<br><br>**<u>ORAL ARGUMENT REQUESTED</u>**<br><br>**MOTION DATE: September 5, 2023** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING THE RESOLUTION OF THEIR RULE 23(F) PETITION FOR PERMISSION TO APPEAL, AND IF PERMITTED TO APPEAL, CONTINUANCE OF THE STAY UNTIL THE APPEAL IS ADJUDICATED**

Diane P. Sullivan
Konrad Cailteux
Allison Semaya
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Phone: (212) 310-8000

Reid Skibell
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Fl.
New York, NY 10036
Phone: (212) 970-1610

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
INTRODUCTION .................................................................................................................... 1
PROCEDURAL BACKGROUND........................................................................................... 2
LEGAL STANDARD............................................................................................................... 3
ARGUMENT............................................................................................................................ 4

    I.    Defendants Have Raised Serious Legal Questions In Their Rule 23(f) Petition That Warrant A Stay, And Even Under A More Demanding Standard, Have Demonstrated A Reasonable Chance Of Succeeding On The Merits. ................................................................................................... 4

    II.    The Balance of Harms Weighs In Favor of Granting a Stay as Defendants Will Suffer Irreparable Harm Absent a Stay........................................................... 7

    III.    The Public Interest Favors Granting A Stay. ........................................................... 9

CONCLUSION...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           Page(s)

*Affiliated Ute Citizens of Utah v. United States*,
    406 U.S. 128 (1972) ............................................................................................... 1, 5

*Alvarez v. NBTY, Inc.*,
    2020 WL 804403 (S.D. Cal. Feb. 18, 2020) .......................................................... 4, 5

*Boley v. Univ. Health Servs.*,
    2021 WL 2186432 (E.D. Pa. May 27, 2021) ..................................................... 5, 6, 8

*Brown v. Wal-Mart Stores, Inc.*,
    2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ............................................................ 9

*Evans v. Wal-Mart Stores, Inc.*,
    2019 WL 7169794 (C.D. Cal. Oct. 23, 2019) .............................................................. 7

*Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*,
    2015 WL 12979096 (M.D. Fla. Feb. 5, 2015) ............................................................. 8

*Gates v. Rohm & Haas Co.*,
    655 F.3d 255 (3d Cir. 2011) ........................................................................................ 2

*Gray v. Golden Gate Nat'l Recreational Area*,
    2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ......................................................... 5, 7

*IBEW Local 98 Pension Fund v. Best Buy Co.*,
    2014 WL 4540228 (D. Minn. Sept. 11, 2014) ............................................................. 5

*In re Apple & ATTM Antitrust Litig.*,
    2010 WL 11489069 (N.D. Cal. Sept. 15, 2010) ........................................................... 5

*In re Mercedes-Benz Tele Aid Cont. Litig.*,
    257 F.R.D. 46 (D.N.J. 2009) ....................................................................................... 6

*Inv. Prot. Corp. v. BDO Seidman, LLP*,
    222 F.3d 63 (2d Cir. 2000) .......................................................................................... 6

*Johnson v. Geico Cas. Co.*,
    269 F.R.D. 406 (D. Del. 2010) ................................................................................ 3, 6

*King Drug Company of Florence, Inc. v. Cephalon, Inc.*,
    2015 WL 9244638 (E.D. Pa. Dec. 17, 2015) ............................................................... 6

*Kos Pharms., Inc. v. Andrx Corp.*,
    369 F.3d 700 (3d Cir. 2004) ........................................................................................ 3

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................................... 3

*Laudato v. EQT Corp.*,
    23 F.4th 256 (3d Cir. 2022) ......................................................................................... 4

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   259 F.3d 154 (3d Cir. 2001) .................................................................................................. 3

*Nieberding v. Barrette Outdoor Living, Inc.*,
   2014 WL 5817323 (D. Kan. Nov. 10, 2014) ........................................................................ 5, 7

*Ninivaggi v. Univ. of Delaware*,
   2023 WL 3092724 (D. Del. Apr. 26, 2023) .......................................................................... 3

*Nuwer v. FCA US LLC*,
   2023 WL 4363781 (S.D. Fla. May 26, 2023) ...................................................................... 4, 9

*Singer Mgmt. Consultants, Inc. v. Milgran*,
   650 F.3d 223 (3d Cir. 2011) ................................................................................................. 6

*Tershakovec v. Ford Motor Co.*,
   2023 WL 4377585 (11th Cir. July 7, 2023) ......................................................................... 5, 6

*Willcox v. Lloyds TSB Bank, PLC*,
   2016 WL 917893 (D. Haw. Mar. 7, 2016) ....................................................................... 4, 5, 7

**Rules**

Federal Rule of Civil Procedure 23 ....................................................................................... *Passim*

**INTRODUCTION**

This case should be stayed pending a decision on FieldTurf's Rule 23(f) petition. A stay is necessary because if trial were to take place before the Third Circuit considers FieldTurf's petition for interlocutory review of Your Honor's Opinion & Order certifying issue classes on the Defect and Deception matters (Dkt. 285 & 286), it could effectively moot FieldTurf's right to appeal. Or it could render any issues trial a nullity—with tremendous, wasted time and resources for all involved—if the jury's verdict were to be supplanted by a decision of the Third Circuit Court of Appeals.

The risk of either situation coming to fruition is significant because FieldTurf's Rule 23(f) petition centers on an important legal issue where the Third Circuit law is unsettled. Your Honor's Order found that a presumption of reliance could be applied to nationwide *state-law* fraud claims based on a *federal securities law* presumption of reliance for omissions. As explained in the petition, that finding is inconsistent with the laws of dozens of states that expressly prohibit any presumption of reliance and the decisions of multiple Circuit courts. Notably, the Eleventh Circuit recently granted a Rule 23(f) petition and reversed a class certification order because of this same issue in a consumer fraud case, finding that *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972) does not trump state laws on reliance.

A stay is therefore justified to permit the Third Circuit to consider the legal issue of whether a presumption of reliance is appropriate and the other matters raised by FieldTurf's petition. Plaintiffs will suffer no prejudice from such a stay because discovery in the case and MDL has been completed and all of the relevant evidence has been collected and preserved; dispositive motion briefing and trial, if still appropriate, can take place once the Third Circuit has decided the fundamental issues raised by the petition.

**PROCEDURAL BACKGROUND**

The parties have engaged in and completed fact and expert discovery for the MDL cases over the course of several years. At the close of discovery, Plaintiffs filed their Motion to Certify Class Appointment of Class Representatives and Class Counsel. (ECF 211, 212.) On August 18, 2022, this Court denied Plaintiffs' motion. (ECF 271.)

Plaintiffs filed their Renewed Motion for Class Certification under Rule 23(c)(4) on October 5, 2022. (ECF 274.) On July 13, 2023, this Court entered a Memorandum Opinion and Order (the "Opinion and Order") certifying two issue classes: (i) whether all Duraspine fields sold by FieldTurf to the class share a common inherent defect ("Defect Issue"); and (ii) whether FieldTurf knowingly omitted the facts of this common defect from the proposed class in its marketing and sales presentation ("Deception Issue"). (ECF 285.)[1]

On July 27, 2023, Defendants timely filed a Petition for Permission to Appeal (the "Petition") in accordance with Federal Rule of Civil Procedure 23(f), seeking immediate interlocutory review from the Third Circuit Court of Appeals. *See* Declaration of L. Reid Skibell, Esq. ("Skibell Decl.") Ex. A. The questions presented in the Petition are: (1) "Whether the district court erred in presuming reliance and holding that common issues of deception predominated"; (2) "Whether common issues relating to defect predominated"; (3) "Whether the district court erred in certifying a Rule 23(c)(4) issue class for defect and deception"; and (4) "Whether this Court's approach to analyzing issue class certification from *Gates v. Rohm &*

---

[1] To be clear, the Court did *not* opine on whether there was a defect nor whether there had been any misrepresentation. *See* Op. and Order at 12. The Court also clarified that an issues class trial would *not* resolve liability or damages, which would need to be adjudicated in subsequent individual trials. *See id.* at 16-17.

2

*Haas Co.*, 655 F.3d 255 (3d Cir. 2011) should be overturned." Petition at 5. The Petition is pending before the Third Circuit.[2]

Defendants now move for an order staying the proceedings in this action until the Petition is resolved, and if permitted, to continue the stay until the appeal is adjudicated.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 23(f), "[a] court of appeals may permit an appeal from an order granting or denying class-action certification . . . ." A 23(f) petition, however, does not stay the underlying proceedings unless the district court or the court of appeals orders it. *See* Fed. R. Civ. P. 23(f). And the Third Circuit has directed that "any stay should be sought first from the trial court." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165 n.6 (3d Cir. 2001).

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). While the Third Circuit has "not yet set a standard for evaluating a motion to stay pending a Rule 23(f) appeal," *Ninivaggi v. Univ. of Delaware*, 2023 WL 3092724, at *1 (D. Del. Apr. 26, 2023), district courts in the Third Circuit and a number of sister circuits have evaluated such motions using the same four-part test used for a preliminary injunction motion: "(1) a likelihood of success on the merits; (2) that [the moving party] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the

---

[2] *See In re FieldTurf Artificial Turf Marketing & Sales Practices Litigation*, Case No. 23-8033. Plaintiffs (Respondents in the appeal) have requested a one-week extension, until August 17, to file their Response to the Petition. FieldTurf does not oppose Plaintiffs' request.

3

public interest favors such relief." *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 411-12 (D. Del. 2010) (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

Critically, where discovery is complete and an interlocutory appeal of a class action may implicate a potential trial or dispositive motions, as here, courts regularly grant stays. *See, e.g., Alvarez v. NBTY, Inc.*, 2020 WL 804403, at *2 (S.D. Cal. Feb. 18, 2020) (explaining it would be "unnecessary" to try the case "as an individual action now when the Ninth Circuit could later determine that the case should proceed as a class action," and thus it would be "more efficient for both parties to know the Ninth Circuit's decision before proceeding"); *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016) (finding stay appropriate where decision by the circuit court to modify or decertify the class "could require [the defendant] to overhaul its trial strategy" and therefore "result in a significant waste of litigation costs and resources"). Not only is this approach reasonable and efficient, but a stay will do minimal harm to the progress of the case because "once [the Circuit court] issues its ruling th[e] case can be quickly reinstated." *Nuwer v. FCA US LLC*, 2023 WL 4363781, at *3 (S.D. Fla. May 26, 2023).

## ARGUMENT

As explained in detail below, each of the four factors considered when entering an injunction weighs strongly in favor of granting a stay of this action pending the Third Circuit's decision on FieldTurf's 23(f) Petition.

I. **Defendants Have Raised Serious Legal Questions In Their Rule 23(f) Petition That Warrant A Stay, And Even Under A More Demanding Standard, Have Demonstrated A Reasonable Chance Of Succeeding On The Merits.**

Turning first to the likelihood of success on the merits, the Third Circuit applies a liberal standard for 23(f) applications for important and unsettled legal issues. *See Laudato v. EQT Corp.*, 23 F.4th 256, 260 (3d Cir. 2022) (explaining that "[c]ontrary to the more limited approaches" of some other circuits, "this Court exercises [its] 'very broad discretion' using a more liberal

4

standard"). And the question of whether a federal presumption of reliance for securities law claims under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153-54 (1972), can be applied to state law common law fraud claims even though many states do not permit that presumption (even in omissions cases) presents such an issue. Indeed, the Eleventh Circuit recently granted Rule 23(f) review and reversed a class certification determination that similarly applied a presumption of reliance to state-law claims. *See Tershakovec v. Ford Motor Co.*, 2023 WL 4377585, at *7 (11th Cir. July 7, 2023) ("The root of the district court's error was in overgeneralizing the presumption-of-reliance issue.").

The importance of this issue—which was at the center of the Opinion and Order—both for this case and for the development of law in general, should be sufficient to satisfy the first prong of the standard for a stay motion. A number of courts have specifically found that on a motion to stay pending the resolution of a Rule 23(f) petition, "the movant need not demonstrate that it is more likely than not that it will win on the merits." *Alvarez*, 2020 WL 804403, at *1, *2. Rather, "serious legal questions" raised in the petition can alone satisfy this first prong. *See id.* (finding this prong satisfied where movant raised a question that had not been directly addressed by the circuit court and that appeared to be "undecided as to how such an issue would fit into the predominance analysis under Rule 23," and thus presented a "serious legal question"); *cf. Boley v. Univ. Health Servs., Inc.*, 2021 WL 2186432, at *3 (E.D. Pa. May 27, 2021) (weighing this factor in favor of deferring final dispositive motions and trial where appeal raised "novel issue of the impact of the Supreme Court's decision in *Thole* on class certification and on defined-contribution plans generally").[3]

---

[3] *See also Willcox*, 2016 WL 917893, at *4 (finding it is sufficient to raise a "serious legal question" in defendant's Rule 23(f) petition); *In re Apple & ATTM Antitrust Litig.*, 2010 WL 11489069, at *3 (N.D. Cal. Sept. 15, 2010) (same); *Nieberding v. Barrette Outdoor Living, Inc.*,

5

Even under a more demanding standard,[4] however, FieldTurf can satisfy this prong because it has a reasonable chance of prevailing on its appeal. The Third Circuit has emphasized that a movant "need[] only show a *likelihood* of success on the merits (that is, a reasonable chance, or probability of winning) to be granted relief. A 'likelihood' does not mean more likely than not." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (emphasis in original); *accord King Drug Company of Florence, Inc. v. Cephalon, Inc.*, 2015 WL 9244638, at *4 (E.D. Pa. Dec. 17, 2015); *Boley*, 2021 WL 2186432, at *3 (a movant "need only demonstrate a 'reasonable chance' of success on the merits to be granted relief"). Here, FieldTurf readily satisfies the standard because, among other reasons, multiple Circuit courts have rejected attempts to graft federal securities presumptions onto state-law claims. *See Tershakovec*, 2023 WL 4377585, at *7; *Sec. Inv. Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 73 (2d Cir. 2000) (Sotomayor, J.) ("federal courts [have] repeatedly [] refused to apply the fraud on the market theory to state common law cases despite its wide acceptance in the federal securities fraud context").[5]

Moreover, the case on which the Opinion and Order relies for applicability of a presumption of reliance to consumer fraud claims—*In re Mercedes-Benz Tele Aid Cont. Litig.*,

---

2014 WL 5817323, at *3 (D. Kan. Nov. 10, 2014) (finding defendants satisfied this factor where the appeal raises "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation"); *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, at *2 (N.D. Cal. Dec. 29, 2011) (finding that matters of first impression raised in the Rule 23(f) appeal weighed in favor of stay); *IBEW Local 98 Pension Fund v. Best Buy Co.*, 2014 WL 4540228, at *2 (D. Minn. Sept. 11, 2014) (finding likelihood of success on the merits prong weighed in favor of stay where "the question of certification in this action was difficult and involved evolving and novel issues of law").

[4] In reviewing motions to stay under Rule 23(f), some courts have also looked at "the likelihood that the Third Circuit will agree with Defendants on the substantive merits." *See Johnson v. Geico Cas. Co.*, 269 F.R.D. at 412.

[5] *See also* Petition at 9.

257 F.R.D. 46, 74 (D.N.J. 2009), *opinion clarified*, 267 F.R.D. 113 (D.N.J. 2010), *opinion modified on reconsideration*, No. CIV. 07-2720 DRD, 2010 WL 2976496 (D.N.J. July 22, 2010)—just involved claims brought under New Jersey law. This case, however, involves common-law fraudulent concealment claims *under the laws of all states*. *See* Petition at 8.

Accordingly, regardless of which standard the Court uses to evaluate this prong, it weighs in favor of granting the stay.

## II. The Balance of Harms Weighs In Favor of Granting a Stay as Defendants Will Suffer Irreparable Harm Absent a Stay.

The second and third factors courts consider in evaluating whether to grant a stay under Rule 23(f) are, on the one hand, whether the moving party will suffer "irreparable harm" absent a stay and, on the other hand, whether granting the stay will result in relatively greater harm to plaintiffs. In performing this balancing test, courts frequently look at whether failure to issue a stay would result in "substantial time and resources being spent on the litigation." *Willcox*, 2016 WL 917893, at *6 (quoting *Gray*, 2011 WL 6934433, at *3); *see also Evans v. Wal-Mart Stores, Inc.*, 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019) (concluding balance of hardships tilts in defendant's favor because defendant "will likely incur unnecessary and burdensome litigation costs absent a temporary stay," and "requiring a party to conduct 'substantial, unrecoverable, and wasteful' discovery on matters that could be mooted by a pending appeal may constitute hardship or inequity sufficient to justify a stay"); *Nieberding*, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014) (finding defendants will be harmed "if they are required to incur significant costs in proceedings that may result in duplicative and wasteful litigation").

Here, unlike in the majority of cases in which courts have evaluated a motion to stay pending a decision on a Rule 23(f) petition, both fact and expert discovery have concluded.[6] The *only* remaining steps in this litigation are (i) summary judgment, if either party so chooses to make a motion; and (ii) trial.[7] And FieldTurf will suffer irreparable harm if forced to expend substantial resources on summary judgment briefing or a potentially useless trial before its Petition is decided. That is because if it is required to complete summary judgment and/or a trial on the class issues, and the Third Circuit then reverses this Court's Opinion and Order, FieldTurf (and the Plaintiffs and Court) will have unnecessarily expended costs and resources that it will never be able to recover. *See Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*, 2015 WL 12979096, at *3 (M.D. Fla. Feb. 5, 2015) (finding that "wasteful, unrecoverable, and possibly duplicative costs are proper considerations" in evaluating a Rule 23(f) stay). In addition, if trial were to take place before the Third Circuit considers the Petition, it could effectively moot FieldTurf's right to appeal. On the other hand, it is not apparent that Plaintiffs will suffer *any* harm. Any delay in the final adjudication of Plaintiffs' claims is temporary and nevertheless counteracted by the fact that there will ultimately (and indisputably) need to be individualized trials even after any trials on the class issues. Thus, the final disposition of any given Plaintiff's case is still well in the future, regardless of the requested stay.

---

[6] *See, e.g., Boley*, 2021 WL 2186432, at *4 (declining to stay discovery as to scheduled depositions and the submission of the Participants' expert report, but staying "all other obligations . . . remaining cognizant of the complex issues and the need for our Court of Appeals' guidance to proceed further, including as to the Fiduciaries' expert report, summary judgment, and trial")

[7] Plaintiffs evidently do not plan to seek summary judgment, as they have submitted a proposed Class Issues Pre-Trial Schedule that solely accounts for a 7-day trial and certain pre-trial deadlines. (ECF 290.) Nonetheless, FieldTurf reserves its right to move for summary judgment and believes there are certain issues and claims that could potentially be disposed of through motion practice, as described in further detail in the joint letter dated August 2, 2023. (*Id.*)

Accordingly, the balance of harms weighs strongly in favor of Defendants.

**III.     The Public Interest Favors Granting A Stay.**

The final factor courts consider when evaluating whether to grant a stay is the public interest. Here, the public has an interest in, among other things, "the efficient use of judicial resources." *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012). Should this action be forced to proceed to trial without the benefit of a ruling from the Third Circuit on the Petition on an important legal issue, that represents a substantial risk of harm to the public. If the Third Circuit decides that a presumption of reliance is inappropriate for Plaintiffs' state law fraud claims, that would require a complete reapplication of the *Gates* factors at a minimum. Individual issues would almost certainly overwhelm because of the number of states that prohibit a presumption of reliance or require special circumstances to invoke it. *See* Petition at 12-14. It would also taint any jury decision on the issue of Deception since the jury would have been presented with evidence that was inapplicable to certain FieldTurf owners given that reliance cannot be presumed for their state law fraud claims. Judicial efficiency would best be served by granting a stay and permitting the Third Circuit to consider and decide the issues raised by the Petition. *See Nuwer*, 2023 WL 4363781, at *3 (where trial was the only aspect remaining in a class action, finding "the public policy of judicial economy will be served by a stay").

Accordingly, the public interest also favors granting a stay.

9

## CONCLUSION

For all of the reasons discussed above, including that each of the relevant factors for a stay weighs in favor of granting FieldTurf's requested relief, the Court should grant FieldTurf's motion for a stay pending the Third Circuit's decision on their Petition, and if permitted to appeal, a continuance of the stay until the appeal is adjudicated.

Dated: August 4, 2023

                                                     */s/ Diane P. Sullivan*
                                                    Diane P. Sullivan
                                                    Konrad Cailteux
                                                    Allison Semaya
                                                    WEIL, GOTSHAL & MANGES LLP
                                                    767 5th Avenue
                                                    New York, New York 10153
                                                    Phone: (212) 310-8000

                                                    Reid Skibell
                                                    GLENN AGRE BERGMAN & FUENTES LLP
                                                    1185 Avenue of the Americas, 22nd Fl.
                                                    New York, NY 10036
                                                    Phone: (212) 970-1610

                                                    *Attorneys for Defendants*