# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FIELDTURF ARTIFICIAL TURF SALES AND MARKETING PRACTICES LITIGATION | MDL NO. 2789<br>CIVIL ACTION NO. 3:17-MD-02779-MAS-TJB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**WHEREAS,** pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e), the parties seek entry of an order, *inter alia*, preliminarily approving the class Settlement of this Action ("Settlement"), pursuant to the terms and provisions of the Settlement Agreement and Release, dated May 3, 2024, with attached exhibits ("Settlement Agreement"); preliminarily certifying the Settlement Class for settlement purposes only; directing Notice to the Settlement Class pursuant to the parties' proposed Notice Plan; preliminarily appointing the Settlement Class Representatives, Settlement Class Counsel and the Claims Administrator; directing the timing and procedures for any objections to, and requests for exclusion from, the Settlement; setting forth other procedures, filings and deadlines; and scheduling the Final Fairness Hearing; and

**WHEREAS,** the Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

**NOW, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

3. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the FieldTurf USA, Inc., FieldTurf Inc., FieldTurf Tarkett SAS, and Tarkett Inc. (collectively, "FieldTurf" or "Defendants").

1

4.     The Court preliminarily approves the Settlement Agreement, and all of its Settlement terms, as fair, reasonable and adequate under Rule 23, subject to further consideration at the Final Fairness Hearing.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, the following Settlement Class:

> all purchasers and owners of a FieldTurf Duraspine turf field sold from 2005 to 2012 in the United States and its territories.

Excluded from the Settlement Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Settlement Class are Settlement Class Members who timely and validly request exclusion under Section 5 below or who are ineligible for either a Tier 1 or a Tier 2 Claim.

6.     The Court preliminarily appoints the law firms of Seeger Weiss LLP, The Moskowitz Law Firm, PLLC as Class Counsel for the Settlement Class. The Court preliminarily appoints the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as Liaison Counsel for the Settlement Class.

7.     The Court preliminarily appoints Plaintiffs Borough of Carteret, County of Hudson, Levittown Union Free School District, Neshannock Township School District, Santa Ynez Valley Union High School District, State-Operated School District of the City of Newark, and City of Fremont as Settlement Class Representatives.

8.     The Court preliminarily appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Claim Administrator ("Claim Administrator").

9.     The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions

of law and fact common to the Settlement Class that predominate over individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

10. In addition, the Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation. The proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is fair, reasonable and adequate and reflects those considerations.

11. The Court also preliminarily finds that the Settlement Agreement has been reached as a result of intensive, arm's-length negotiations of disputed claims, including through the use and assistance of an experienced third-party neutral mediator, and that the proposed Settlement is not the result of any collusion.

12. The Court approves the form and content of the Settlement Class Notice (Exhibit 2 to the Settlement Agreement), the Claim Form (Exhibit 1 to the Settlement Agreement), and the Email Notice Form (Exhibit 1 to Email Notice Letter, ECF No. 359-1). The Court further finds that the mailing and emailing of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfies Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the certification of the Settlement Class for settlement purposes only, the terms of the Settlement, its benefits, and the Release of Claims, the Settlement Class Members' rights including the right to, and the deadlines and procedures for, requesting exclusion from the Settlement or objecting to the Settlement, Class Counsel's application for Fees and Expenses and/or the application for Settlement Class representative Service Awards, the deadline, procedures and requirements for submitting a Claim for Reimbursement

3

pursuant to the Settlement terms, the time, place, and right to appear at the Final Fairness hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

13. Accordingly, the Court approves, and directs the implementation of, the Notice Plan pursuant to the terms of the Settlement Agreement.

14. The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the Settlement website, implementing the Notice Plan, the processing, review and determination of timely submitted and proper Claims for Reimbursement under the Settlement terms, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the Settlement Agreement.

15. To the extent it has already not done so during the litigation phase of this Action, FieldTurf is ordered to release any contact information in its possession of Settlement Class Members in the Action to the Settlement Administrator for the purposes of disseminating the Settlement Class Notice to the Settlement Class Members. The Settlement Class Members' contact information sent to the Claim Administrator by FieldTurf shall be solely for the use of providing Settlement Class Notice in the Action and for no other purpose.

16. Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely submit a completed Request for Exclusion. The Request for Exclusion must be sent by United States Mail to the Settlement Administrator and be postmarked no later than October 9, 2024. All Requests for Exclusion and supporting papers must be in writing and must:

   (1)  Clearly identify the case name and number, *In re FieldTurf Artificial Turf Marketing and Sales Practices Litigation*, 3:17-md-02779-MAS-TJB; and

   (2)  Include the full name, address, telephone number, email address of the person requesting exclusion and a signature executed by the person requesting exclusion; and

   (3)  Include any reasonably available proof that the person requesting exclusion is a Settlement Class Member.

4

17. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper addresses shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders and judgments in the Action concerning the Settlement, including but not limited to the Released Claims set forth in the Settlement Agreement.

18. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement and/or the requested amount of Class Counsel Fees and Expenses and/or Settlement Class Representative service awards.

- To object, a Settlement Class Member must either:
    - file the objection, together with any supporting briefs and/or documents, with the Court in person or via the Court's electronic filing system within seventy-five (75) days of the Notice Date; or
    - mail, via first-class mail postmarked within seventy-five (75) days of the Notice Date, the objection, together with any supporting briefs and/or documents to the Clerk's Office of the United States District Court, District of New Jersey, 402 East State St., Trenton, New Jersey 08608.

19. Any objecting Settlement Class Member must include the following with his/her/their/its objection:

- Clearly identify the case name and number, *In re FieldTurf Artificial Turf Marketing and Sales Practices Litigation*, 3:17-md-02779-MAS-TJB;
- Include the full name, address, telephone number, and email address of the person objecting and a signature executed by the person objecting.
- Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel);
- State the grounds for the Objection;
- Include any reasonably available proof that the person objecting is a Settlement Class Member;
- the name, address and telephone number of any counsel representing said objector;

- a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the Settlement Class Member objection at the Final Approval Hearing;

- a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number; and

- If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

20. Subject to the approval of the Court, any Settlement Class Member who has properly filed a timely objection may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class Representative service awards. In order to appear, any Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of all witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Order and the Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

21. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and the Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement Agreement and/or its approval by appeal or otherwise.

22. In the event the Settlement is not granted final approval by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

- All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

- All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

- Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants, Released Parties or Plaintiffs on any allegation, claim, defense, or point of fact or law in connection with this Action;

- Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and

- The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

23. Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute, or participate in, against any of the Released Parties, any action or proceeding in any court or tribunal (judicial, administrative or otherwise) asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of

this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

24. Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

25. Based on the foregoing, the Court sets forth the following schedule for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Date |
|---|---|
| Notice shall be mailed in accordance with the Notice Plan and this Order | July 26, 2024 |
| Class Counsel's Fee and Expense Application and request for service awards for the Plaintiffs-Settlement Class Representatives | September 24, 2024 |
| Deadline for Objections to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for Settlement Class Representative service awards | October 9, 2024 |
| Deadline for Requests for Exclusion from the Settlement | October 9, 2024 |
| Plaintiffs to file Motion for Final Approval of the Settlement | November 4, 2024 |

| | |
|---|---|
| Claim Administrator shall submit a declaration to the Court(i) reporting the names of all persons and entities that submitted timely and proper Requests for Exclusion; and (ii) attesting that Notice was disseminated in accordance with the Settlement Agreement and this Preliminary Approval Order. | October 23, 2024 |
| Responses of Any Party to any Objections and/or Requests for Exclusion | November 4, 2024 |
| Any submissions by Defendant concerning Final Approval of Settlement | November 4, 2024 |
| Final Fairness Hearing will be held at Martin Luther King Building & U.S. Courthouse, 50 Walnut St., Newark, NJ 07102 or by video conference as determined by the Court | November 25, 2024 at 11:00 a.m. (EST) |

**SO-ORDERED:**

Date: June 26, 2024

*[signature]*
Honorable Tonianne J. Bongiovanni
United States Magistrate Judge

Docket Entry No. 358 is terminated.

9