# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE FIELDTURF ARTIFICIAL TURF SALES AND MARKETING PRACTICES LITIGATION | MDL NO. 2779<br><br>Civil Action No. 17-MD-02779 MAS TJB |

## DECLARATION OF JENNIFER R. SCULLION

I, JENNIFER R. SCULLION, hereby declare as follows:

1. I am an attorney admitted to practice in this Court. I am a partner at Seeger Weiss LLP, counsel of record for Plaintiffs in the above-entitled action. I submit this declaration in support of Class Counsel's application for an award of attorneys' fees and expenses in this action.

2. Insofar as this declaration relates to facts concerning Seeger Weiss's hours, fees, and expenditures, the facts are based on my personal knowledge and/or the books and records kept in the ordinary course of Seeger Weiss business. Insofar as this declaration relates to other costs, like the costs of notice to the Class, the facts are based on information I have been provided by others that I believe to be true and correct.

3. My partners Christopher Seeger, Christopher Ayers, and I have helped lead this class action since its inception. In connection with that, I, or other professionals at Seeger Weiss, have personally participated in all material aspects of

this action, including discovery, motion practice, experts, case strategy, trial preparation, and settlement.

4. Seeger Weiss's leadership and work on this matter included: co-leading briefing of all substantive motions (including motions to dismiss, class certification, Daubert, and motions in limine), taking multiple fact and expert depositions, extensive work with Plaintiffs' liability and damages experts on their reports, and preparing for and defending their depositions, preparing and defending class representatives for depositions, co-leading settlement negotiations, and preparing for trial, including travel overseas to prepare Plaintiffs' liability expert for trial.

5. The schedule attached hereto as Exhibit 1 is a summary of the amount of time spent by each attorney and professional support staff employee of Seeger Weiss who was involved in the action, and the lodestar calculation based on our firm's current billing rates. For personnel who are no longer employed by our firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by our firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by our firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

6. The hourly rates for the attorneys and professional support staff in our firm included in Exhibit 1 are the same as the regular rates that would be charged for their services in non-contingent matters and/or which have been accepted in other class litigation.

7. The total number of hours expended on this action by our firm for which we are seeking an award of fees is 8583.5. The total lodestar for our firm for that work is $6,551,579.

8. Our firm's lodestar figures are based on the firm's billing rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in our firm's billing rates.

9. Our firm has incurred a total of $668,935.13 in unreimbursed expenses.

10. The schedule attached hereto as Exhibit 2 is a summary of the unreimbursed expenses our firm has incurred in connection with this action. The expenses incurred in this action are reflected in the books and records of our firm. Those books and records are prepared from expense vouchers, check records, and other source materials and are an accurate record of the expenses incurred. The expenses were incurred on items and services reasonable and needed for the litigation, including copying and printing, depositions, travel for depositions and for client and witness meetings, expert witness fees, laboratory fees, computerized

research, electronic document collection, processing, and review, contract lawyers to assist with document review, and mediation.

11. I have reviewed the underlying billing and expense records that are summarized in Exhibit 1 and Exhibit 2. The purpose of this review was to confirm both accuracy as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation, including the elimination of time that was unnecessary or duplicative. As a result of this review and the relevant adjustments made, I believe that the time and expense reflected are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.

12. In addition, I have been informed and believe that our class notice and settlement administrator, Epiq, estimates that the total costs of notice will amount to $75,000. Epiq's invoices to date total $38,000.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 24, 2024                            *s/ Jennifer R. Scullion*
                                                      Jennifer R. Scullion