UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: FIELDTURF ARTIFICIAL TURF MARKETING AND SALES PRACTICES LITIGATION | MDL NO. 2779<br><br>Civil Action No. 3:17-MD-02779-MAS-TJB |

ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT

On November 20, 2024, this Court adopted Judge Tonianne J. Bongiovanni, U.S.M.J.'s Order recommending that this Court preliminarily approve the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiffs Borough of Carteret, County of Hudson, Levittown Union Free School District, Neshannock Township School District, Santa Ynez Valley Union High School District, State-Operated School District of the City of Newark, and City of Fremont, on behalf of themselves and all Settlement Class Members as defined herein, and by Defendants, FieldTurf USA, Inc., FieldTurf Inc., FieldTurf Tarkett SAS, and Tarkett Inc. (collectively, "FieldTurf" or "Defendants"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing. Having conducted that Hearing, the Court finds:

(1) that the Class Notice substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court; (2) that it constituted the best practicable notice; and (3) that it was fair, reasonable, and adequate.

On December 10, 2024 at 11:00 a.m., the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing this action on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members not having requested exclusion from the Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel.

**NOW, IT IS HEREBY ORDERED THAT**:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. Counsel

for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of the following:

> all purchasers and owners of a FieldTurf Duraspine turf field sold from 2005 to 2012 in the United States and its territories

Excluded from the Settlement Class are Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Defendants have a controlling interest; all employees of any law firm involved in prosecuting or defending this litigation, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members. Also excluded from the Settlement Class are Settlement Class Members who timely and validly request exclusion under Section 5 below or who are ineligible for either a Tier 1 or a Tier 2 Claim.

5. The Court finally appoints Seeger Weiss LLP and The Moskowitz Law Firm, PLLC as Class Counsel for the Settlement Class. The Court finally appoints the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as Liaison Counsel for the Settlement Class.

6. The Court finally designates Plaintiffs Borough of Carteret, County of Hudson, Levittown Union Free School District, Neshannock Township School District, Santa Ynez Valley Union High School District, State-Operated School District of the City of Newark, and City of Fremont as Settlement Class Representatives.

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the Class Notice, including distribution of the Email and Mail Notice, the creation of the IVR toll-free telephone number system, and creation of the Settlement Website, all as provided for in the Settlement Agreement and Preliminary Approval Order, (i) constituted the best practicable

4

notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law. The Parties have complied with their notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the Settlement.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order (i) constitute the most effective and practicable notice of the Final Order, the relief available to Settlement Class Members pursuant to the Final Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8. The Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Court makes the following findings on the Settlement:

(a) The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

(b) The Plaintiffs and Class counsel have adequately represented the class.

(c) The Settlement was the result of arms-length negotiations, assisted by a leading mediator for class actions with extensive experience in cases involving lender-placed insurance.

(d) The relief provided by the Settlement is fair, reasonable and adequate, considering the cost of taking this matter to trial, the risk of an adverse judgment at trial or on appeal, and the delay in any potential recovery if a favorable outcome is achieved after trial and appeal.

(e) The method of distributing relief to the class is fair and appropriate.

(f) Class Counsel has not identified any agreements pursuant to Rule 23(e)(3).

(g) The Settlement treats Settlement Class Members equitably relating to one another. The relief made available to Settlement Class Members is based on reasonable formulae that account for the different circumstances applicable to Settlement Class Members.

9. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

10. The terms of the Settlement Agreement and of this Final Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, and their family members, administrators, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

11. The Releases, which are set forth in the Settlement Agreement are expressly incorporated herein in all respects and are effective as of the date of this Final Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Settlement Agreement)

from all Released Claims (as that term is defined below and in the Settlement Agreement).

12. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order, nor any of its terms and provisions, nor the Judgment to be entered pursuant to this Final Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in this litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

(c) offered by any person or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability,

negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order, or the Judgment to be entered pursuant to this Final Order.

13. This Final Order, the Judgment to be entered pursuant to this Final Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

15. This Final Order, and the Judgment to be entered pursuant to this Final Order, shall be effective upon entry. In the event that the Final Order and the Judgment to be entered pursuant to this Final Order are reversed or vacated pursuant

to a direct appeal in this Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

**DONE and ORDERED** in Chambers in Trenton, New Jersey, this 13th day of December, 2024.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE