UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: FIELDTURF ARTIFICIAL TURF MARKETING AND SALES PRACTICES LITIGATION | Civil Action No. 3:17-md-2779 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon The Moskowitz Law Firm, PLLC's ("Moskowitz Firm") Motion to Stay Arbitration. (ECF No. 380.) Bathgate, Wegener & Wolf, PC ("BWW") opposed (ECF No. 390), and Moskowitz Firm replied (ECF No. 391). The Court has carefully considered the parties' submissions and reaches its decision without oral argument pursuant to Local Civil Rule 78.1(b).

The underlying facts and complex procedural history of this matter are well known to the parties, and therefore, the Court only recites those facts necessary to resolve the instant dispute. After Plaintiffs' actions were consolidated into a multidistrict litigation in this Court, the Court appointed Adam M. Moskowitz ("Moskowitz") and Christopher A. Seeger ("Seeger") as Plaintiffs' Co-Lead Counsel. (*See* Order Appointing Lead Counsel & Pls.' Exec. Comm., ECF No. 61.) In that Order, the Court tasked the Co-Lead Counsel with the duty of, *inter alia*, "[a]llocat[ing] attorneys' fees, if any are awarded by the Court[.]" (*Id.* at 4.) The parties ultimately reached a global settlement, memorialized in an agreement (the "Settlement Agreement"), which the Court approved in December 2024. (*See* Final J. Order, ECF No. 378.) In part, the Settlement Agreement provides:

> Any and all disputes arising out of or related to the Settlement or this Settlement Agreement must be brought by the Parties and/or each member of the Settlement Class exclusively in this Court. The Parties and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to the Settlement or this Settlement Agreement.

(Settlement Agreement 20, ECF No. 358-2.) The Settlement Agreement further provides that it is intended to bind the parties, including "Releasing Parties," defined to include "Plaintiffs and all Settlement Class Members" and their "lawyers." (*Id.* at 4.)

On December 13, 2024, the Court entered a Final Judgment Order which awarded "fees in the amount of $6,480,648.14 and reimbursement of costs and expenses in the amount of $1,844,351.86." (Final J. Order ¶ 8.) The Court specified that it "expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement, the Final Approval Order and this Final Judgment, and for any other necessary purpose." (*Id.* ¶ 14.) After the Court entered the Final Judgment Order and approved of the Settlement Agreement, Moskowitz and Seeger fulfilled their duties and allocated fees between thirteen plaintiff law firms. (Moskowitz Firm's Moving Br. 5, ECF No. 380-1.)

BWW, however, claims that in 2016, before the actions were consolidated into a multidistrict litigation, and after it was initially retained to represent one of the plaintiffs against FieldTurf, USA ("FieldTurf"), senior partner Lawrence E. Bathgate ("Bathgate") contacted Moskowitz to inquire about whether Moskowitz would be interested in representing one of the plaintiffs against FieldTurf alongside BWW. (BWW's Opp'n Br. 2, ECF No. 390.) BWW and Moskowitz subsequently filed a class action lawsuit against FieldTurf. (*Id.*) Shortly thereafter, another individual, Lance Kalik (collectively with Moskowitz and Bathgate, the "Prosecuting Counsel") filed a similar class-action lawsuit against FieldTurf. (*Id.*) On January 31, 2017, the Prosecuting Counsel entered into a "Confidential Joint Prosecution, Organizational Structure and Fee Sharing Agreement" related to the litigations against FieldTurf (the "Prosecuting Counsel Agreement"). (*Id.* at 3; *see generally* Ex. B to Aprile Decl., ECF No. 390-3.) The Prosecuting Counsel Agreement contained provisions regarding the apportionment of fees among the

Prosecuting Counsel and the arbitration of disputes related to "any recovery" under the agreement. (BWW's Opp'n Br. 4; Ex. B to Aprile Decl. 1.)

On January 28, 2025, BWW sent correspondence to Moskowitz Firm requesting payment in accordance with the Prosecuting Counsel Agreement. (BWW's Opp'n Br. 8.) After Moskowitz failed to respond, BWW filed a Statement of Claims with JAMS on May 30, 2025,[1] to initiate the arbitration over the fee dispute styled *Bathgate, Wegener & Wolf, P.C. v. Moskowitz Law Firm, PLLC et al.*, JAMS Ref. No. 5425004015 ("JAMS Arbitration"). (*Id.* at 1, 9.) The Moskowitz Firm seeks to stay and enjoin the JAMS Arbitration. (*See generally* Moskowitz Firm's Moving Br.)

The All Writs Act empowers district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Here, the Court's Final Judgment explicitly retained exclusive jurisdiction as to "all matters" relating to the Settlement Agreement and the Court's Final Judgment. (Final J. Order ¶ 14); *see also In re Linerboard Antitrust Litig.*, 361 F. App'x 392, 399 (3d Cir. 2010) (noting district court retained jurisdiction over "all issues relating to the fees and costs of counsel in this action" (citing *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 753 (4th Cir. 2003) ("district court had continuing jurisdiction to resolve a dispute as to attorneys' fees 'in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance'"))).

---

[1] BWW notably filed its Statement of Claims with JAMS over two months after Co-Lead Counsel provided an update to the Court that "not a single objection, appeal, or motion under Rule 59 of the [Federal Rules of Civil Procedure] or Rule 54.2 of the Local Rules for the [District of New Jersey] (regarding claims for costs or fees) was filed and such deadlines have long passed." (Mar. 7, 2025 Notice, ECF No. 379.)

BWW's argument that that the Prosecuting Counsel Agreement governs here and therefore allows BWW to arbitrate the dispute of its fee award before JAMS must fail.[2] (*See* BWW's Opp'n Br. 13-14.) The Settlement Agreement, executed well after the Prosecuting Counsel Agreement, made clear that "[a]ny and all disputes arising out of or related to the Settlement or this Settlement Agreement" were to be brought in front of this Court, and the Court retained exclusive jurisdiction to hear such disputes in its Final Judgment Order. (Settlement Agreement 20; Final J. Order ¶ 14.) The parties, including their law firms, agreed to the terms of the Settlement Agreement, notwithstanding any prior agreements among smaller subsets of law firms or plaintiffs. The Settlement Agreement provides a clear, singular pathway to challenge the implementation of the Settlement Agreement.[3] (Settlement Agreement 20.) Should BWW want to raise a dispute about the amount it received from Co-Lead Counsel's allocations,[4] it must do so in front of this Court in accordance with the terms of the Settlement Agreement. *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-2591, 2018 WL 6839380, at *6 (D. Kan. Dec. 31, 2018) (rejecting argument that prior joint prosecution agreements should cover the division of a fee award because the Court

---

[2] BWW also argues that the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, controls and the dispute, therefore, should proceed via arbitration. (*See* BWW's Opp'n Br. 10-11.) This argument also fails because "[n]o matter what, courts have the power to defend their judgments as *res judicata*, including the power to enjoin or stay subsequent arbitrations." *In re Y & A Grp. Secs. Litig.*, 38 F.3d 380, 382 (8th Cir. 1994).

[3] "Any dispute concerning [the fee] allocation is necessarily related to the implementation of the Settlement Agreement." *Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, No. 13-6272, 2018 WL 1469048, at *2 (D.N.J. Mar. 26, 2018).

[4] This Court specifically tasked Moskowitz and Seeger as Plaintiffs' Co-Lead Counsel with allocation of any award of attorneys' fees. (*See* Order Appointing Lead Counsel & Pls.' Exec. Comm.) In doing so, Moskowitz and Seeger were tasked with allocating the award in a way that "comport[s] essentially with . . . principles of fee distribution" which necessarily accounts for the attorneys' individual contributions. *In re Agent Orange Prod. Liab. Litig.*, 818 F.3d 216, 223 (2d Cir. 1987). Allowing Moskowitz to ignore his duties as Co-Lead Counsel and "to divide the award among [the Prosecuting Counsel] in *any* manner [he] deem[s] satisfactory under [the] private fee sharing agreement . . . overlooks the district court's role as protector of class interests[.]" *Id.*

is not bound by private agreements among attorneys, the prior agreements did not relate to the full settlement class, and the settlement agreement expressly superseded all other agreements); *see also Butt v. United Bhd. of Carpenters & Joiners of Am.*, 999 F.3d 882, 886 (3d Cir. 2021) (noting a "district court's ability to enforce and effectuate [a] settlement agreement"). Moskowitz Firm's Motion to Stay is, accordingly, granted.

Based on the foregoing,

**IT IS**, on this **20th** day of October 2025, **ORDERED** as follows:

    1.    Moskowitz Firm's Motion to Stay Arbitration (ECF No. 380) is **GRANTED**.

                                                                                                                 */s/ Michael A. Shipp*
                                                                                                **MICHAEL A. SHIPP**
                                                                                                **UNITED STATES DISTRICT JUDGE**